**BARTHEL LEGAL, APC**
Nicholas Barthel, Esq. (319105)
nick@barthelbarthel.com
2173 Salk Ave., Ste. 250
Carlsbad, CA 92008
Telephone: (760) 259-0033
Facsimile: (760) 536-9010

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT PROCTOR,<br><br>*Plaintiff*,<br><br>v.<br><br>BLOCK, INC., And SUTTON BANK,<br><br>*Defendants*. | Civil Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Vincent Proctor ("Mr. Proctor" or "Plaintiff"), by and through his undersigned attorneys, allege the following against Defendants Block, Inc. ("Block" or "Cash App") and Sutton Bank ("Sutton") (collectively "Defendants")

## PRELIMINARY STATEMENT

1. Plaintiff was the victim of a crime; specifically, between August 11, 2024 and August 17, 2025 nearly $4,000.00 was withdrawn from his CashApp account by a criminal without his consent or authorization and rather than making their customer whole, Defendants continue to victimize the Plaintiff by failing to comply with their obligations under the law to reimburse Plaintiff for his losses.

2. Despite Plaintiff's timely and repeated reports disputing the transactions and requesting a good faith investigation, Defendants denied Plaintiff's claims without a reasonable basis and in violation of federal law.

3. Defendants failed to conduct a reasonable investigation, failed to provide a meaningful explanation for denial, and failed to comply with statutory notice and documentation obligations required under the Electronic Fund Transfers Act.

4. Plaintiff brings claims against Defendants for violations of the Electronic Fund Transfers Act (EFTA), 15 U.S.C. § 1693 et seq., and seeks damages, injunctive relief, declaratory relief, and other appropriate remedies.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 15 U.S.C. § 1666, and 28 U.S.C. § 1331.

6. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. § 2201.

7. Venue is proper in California as it is the location of Defendant Block's principal place of business at 1455 Market Street, Suite 600, San Francisco, CA 9410.

## PARTIES

8. Plaintiff Vincent Proctor is a natural person and citizen of the United States residing in Spartanburg County, South Carolina.

9. Plaintiff is a "consumer" as defined by the Electronic Fund Transfers Act, 15 U.S.C. § 1693a(6), and was at all relevant times the holder of a CashApp account used for personal, family, or household purposes.

10. Defendant Block, doing business as CashApp, is a financial services merchant services aggregator and mobile payment company headquartered in San Francisco, California.

11. Defendant Block is a "financial institution" within the meaning of the Electronic Fund Transfers Act, 15 U.S.C. § 1693a(9).

12. Defendant Block, Inc. is also a provider of electronic fund transfer services. See 12 C.F.R. § 1005.14(a).

13. Defendant Sutton Bank is a state chartered, federally insured financial institution with its principal place of business at 1 South Main Street, Attica, Ohio and is a "financial institution" within the meaning of the Electronic Fund Transfers Act, 15 U.S.C. § 1693a.

## FACTUAL ALLEGATIONS

14. CashApp is a popular mobile payment software application wholly owned and operated by Defendant Block, Inc. that facilitates sending and receiving money.

15. On information and belief, Defendant Sutton Bank holds the accounts of CashApp's users.

16. In light of the foregoing, Defendants are jointly and severally liable for the acts or practices alleged herein.

17. At all relevant times herein, Plaintiff had a CashApp.

18. On or about August 19, 2024, Plaintiff discovered a series of unauthorized Bitcoin purchase on his CashApp account.

19. The unauthorized transactions were as follows:

| DATE | AMOUNT |
| --- | --- |
| August 11, 2024 | $40.00 |
| August 11, 2024 | $40.00 |
| August 12, 2024 | $40.00 |
| August 13, 2024 | $200.00 |
| August 13, 2024 | $10.00 |
| August 14, 2024 | $700.00 |
| August 16, 2024 | $1,100.00 |
| August 17, 2024 | $1,200.00 |
| August 17, 2024 | $600.00 |

20. Plaintiff did not authorize nor benefit from the unauthorized transactions.

21. On August 19, 2024, Plaintiff reported the unauthorized transactions to CashApp.

22. Despite Plaintiff's timely reporting of the unauthorized transactions and providing information regarding the unauthorized transactions, Defendants denied Plaintiff's claims by email on August 23, 2024.

23. In response to the denial, Plaintiff made multiple written requests for supporting documentation and repeatedly attempted to clarify and pursue his dispute through Defendants' customer support channels from August 23, 2024 to September 2, 2024.

24. Defendants failed to provide a timely, adequate explanation of the basis for denial, failed to make available all documents upon which its decision relied, and closed Plaintiff's claims without completing a reasonable investigation.

25. Defendants' conduct has caused Plaintiff to suffer financial loss, distress, and ongoing hardship, and constitutes violations of the Electronic Fund Transfers Act.

## FIRST CAUSE OF ACTION

**Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq*.**

26. Plaintiff repeats and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

27. Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Defendant bears the responsibility for unauthorized transfers and withdrawals such as the ones in question.

28. Pursuant to 15 U.S.C. § 1693g(a), "Unauthorized electronic fund transfers; limit" states in relevant part as follows:

> In no event. . . shall a consumer's liability for an unauthorized transfer exceed the lesser of-
>
> (1) $50; or

> (2) the amount of money or value of property or services obtained in such, unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized electronic fund transfer involving the consumer's account has been or may be effected.

29. Thus, the consumer's liability for unauthorized use is generally capped at a maximum of $50 for unauthorized transfers.

30. This cap is increased to $500 dollars where the consumer waits more than two business days after becoming aware of the unauthorized transaction to notify the financial institution. 15 U.S.C. 1693g(a)(2).

31. The rules are elucidated in Regulation E, 12 C.F.R. § 1005.6(b):

> (b) Limitations on amount of liability. A consumer's liability for an unauthorized electronic fund transfer or a series of related unauthorized transfers shall be determined as follows:
>
> (1) Timely notice given. If the consumer notifies the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $50 or the amount of unauthorized transfers that occur before notice to the financial institution.
>
> (2) Timely notice not given. If the consumer fails to notify the financial institution within two business days after learning of the loss or theft of the access device, the consumer's liability shall not exceed the lesser of $500 or the sum of:
>
> (i) $50 or the amount of unauthorized transfers that occur within the two business days, whichever is less; and
>
> (ii) The amount of unauthorized transfers that occur after the close of two business days and before notice to the institution, provided the institution establishes that these transfers would not

have occurred had the consumer notified the institution within that two-day period.

32. Denials based on a consumer's alleged negligence are expressly prohibited under the EFTA's implementing regulations. See Consumer Financial Protection Bureau, Comment for 1005.6 Liability of Consumer for Unauthorized Transfers, 6(b)(2) ("Negligence by the consumer cannot be used as the basis for imposing greater liability than is permissible under Regulation E.  Thus, consumer behavior that may constitute negligence under state law, such as writing the PIN on a debit card or on a piece of paper kept with the card, does not affect the consumer's liability for unauthorized transfers.")

33. Under the EFTA, consumers who are tricked into providing account access by a scammer posing as a bank employee are not liable for the transactions initiated by the scammer, which are unauthorized electronic fund transfers under § 1693a(12).  *See, e.g.*, Official Interpretation of Regulation E, 12 C.F.R. § 1005.2(m)(3) ("Access device obtained through robbery or fraud. An unauthorized EFT includes a transfer initiated by a person who obtained the access device from the consumer through fraud or robbery.").

34. Thus, Defendants' failure to reimburse Plaintiff is patently unlawful and in violation of Section § 1693g.

35. Defendants' stated basis for denial is also invalid under the EFTA.

36. The EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized.  15 U.S.C. § 1693g(b).

37. Defendants cannot meet their burden of proof here, where Plaintiff:

    a) Promptly disputed the transactions;

    b) Has no criminal history;

    c) Has no history of filing false disputes; and

    d) The thefts are inconsistent with Plaintiff's pattern of use.

38. Defendants also violated the EFTA by failing to provide any meaningful explanation of the grounds upon which it relied in denying Plaintiff's claim. 15 U.S.C. § 1693f(d).  *See* CFPB Supervisory Highlights, Issue 22, Summer 2020, Section 2.3.3 ("Financial institutions must go beyond just providing the findings to actually explain or give the reasons for or cause of those findings.").

39. Defendants also violated the EFTA by failing to provide Plaintiff with notice of his right to request reproductions of all documents which Defendant relied on to conclude that an error did not occur, as required under 15 U.S.C. § 1693f(d).

40. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to past and future monetary loss, past and future mental distress, emotional anguish, and other damages that will be presented to the trier of fact.

41. Defendants did not conduct a good faith investigation regarding the stolen funds.

42. Defendants did not have a reasonable basis for believing the account was not in error based on the evidence Plaintiff provided to Defendant.

43. Specifically, Defendants' conduct as set forth herein constitutes a failure to investigate in good faith and a failure to establish a reasonable basis for believing that Plaintiff's account was not in error, and also constitutes a knowing and willful conclusion that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the available evidence, and for this reason constitutes a violation of 1693f(e), entitling Plaintiff to treble damages in addition to all other relief sought herein.

44. As a direct and proximate result of Defendants' violations of the EFTA, Plaintiff is entitled to declaratory judgment, actual damages, statutory damages, treble damages, costs and reasonable attorneys' fees.

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seek(s) judgment in his favor and damages against Defendants:

      A.    awarding Plaintiff actual damages, treble damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees; and

      B.    such other and further relief, including equitable and declaratory relief, as may be necessary, just, and proper.

Dated: August 11, 2025

/s/*Nicholas Barthel*
Barthel Legal, APC
2173 Salk Avenue, Suite 250
Carlsbad, CA 92008
T: (760) 259-0033
E: nick@barthelbarthel.com

 Jason Verhagen
*Pro hac forthcoming*
Schlanger Law Group, LLP
150 Allens Creek Road
Suite 240
Rochester, NY 14618
T: 212-500-6114
F: 646-612-7996
E: rjn@nahoumlaw.com

*Attorneys for Plaintiff*